UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **ROBERT BARR and LAURA BARR, husband and wife** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| **THE TOWN OF ST. JOHN, an Indiana Municipal Subdivision; THE TOWN OF ST. JOHN POLICE DEPARTMENT, an agency in and for the town; STEVEN FLORES, in both his individual and official capacity as Police Chief; BRETT SIDENBENDER, in both his individual and official capacity as town police officer; SHANE ADAMS, in both his individual and official capacity as a town police officer; and ARTHUR SANDAKER, in both his individual and official capacity as a town police officer** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFFS' COMPLAINT FOR DAMAGES

Plaintiffs, by counsel Patrick B. McEuen of McEUEN LAW OFFICE, files this complaint against the Defendants, and states to the court as follows:

**Jurisdiction and Venue**

This action arises under the Indiana Public Policy of Indiana Code 35-41-3-2 in which the legislature finds and declares that it is the policy of the State of Indiana to recognize the unique character of a citizen's home and to ensure that a citizen feels secure in his or her own home against unlawful intrusion by another individual or a public servant permitting citizens to use reasonable force against a public servant if the person reasonably believes the force is necessary to prevent or

terminate the public servant's unlawful entry of or attack on the person's dwelling, curtilage, or occupied motor vehicle; as well as applicable state and federal law; more particularly, under the provisions of Article 1, Section 11 of the Indiana Constitution, and the 4th Amendment to the United States Constitution, as well as the provisions of 42 U.S.C. §1983, §1985(3), and §1988.

1. This action seeks redress for violations of the plaintiff's Constitutional and due process rights guaranteed by the laws of the United States and the State of Indiana, and jurisdiction is situated with this Court pursuant to 28 U.S.C. §1343 and 42 U.S.C. §1983.

2. The claims made in this Complaint occurred and arose in the State of Indiana, in this District. Venue is therefore proper under 28 U.S.C. §1391 and 28 U.S.C. §1331.

3. Plaintiffs seek damages under federal law pursuant to the claims for relief specified below, in amounts to be established at trial.

4. This Court has authority to award costs and attorney's fees pursuant to 42 U.S.C. §1988.

5. This Court also has jurisdiction over any pendent state claims Plaintiff has brought, pursuant to 28 U.S.C. §1367.

**Parties**

7. Plaintiff Robert Barr was, at all times relevant, the owner of certain real property and improvements located in St. John, Lake County, Indiana, with the common address of 9525 Genevieve Drive, St. John, IN, (hereinafter "Barr's Property").

8. Plaintiff Laura Barr was, at all times relevant, Robert Barr's wife.

9. The Town of St. John (hereinafter "Town") is a municipal corporation in the State of Indiana.

10. The St. John police department (hereinafter "Department") is an agency in and for the Town of St. John charged with enforcing the laws and ordinances of the State and Town.

11. At all times relevant, Steven Flores (hereinafter "Flores" or "Chief") was the duly-appointed Chief of the Department.

12. At all times relevant, Brett Sidenbender (hereinafter "Sidenbender") was a police officer employed by the Town of St. John.

13. At all times relevant, Shane Adams (hereinafter "Adams") was a police officer employed by the Town of St. John.

14. At all times relevant, Arthur Sandaker (hereinafter "Sandaker") was a police officer employed by the Town of St. John.

**Statement of Facts**

15. On or about May 28, 2020, Defendant Sidenbender appeared unannounced in his official police cruiser and uniform at Barr's Property. Sidenbender wanted to discuss a "neighbor dispute" which had occurred over the Memorial Day 2020 weekend in which intoxicated neighbors had become unruly with Plaintiffs, requiring police presence. Sidenbender appeared to be taking the side of the intoxicated neighbors, and his conversation put both Plaintiffs on edge, as if Town of St. John police, and the Department, were suspect of Plaintiffs. Sidenbender made Plaintiffs feel unsafe in the community, as if law enforcement had an axe to grind with Plaintiffs.

16. On or about October 3, 2021, Plaintiffs were arguing in their home, and Robert Barr called police to de-escalate the situation.

17. Adams and Sandaker responded to Barr's Property, with Sidenbender also appearing but remaining in his official police cruiser, lurking around the situation.

18. Robert Barr opened his front door, stepped outside his home onto his front porch, and closed the entry door behind him.

19. Adams and Sandaker questioned Robert Barr outside his residence as to the events that led to the 911 call, and while Robert Barr was speaking to both officers, Sandaker proceeded to enter Barr's property, despite Robert Barr's specific request that he not enter the residence. Robert Barr explicitly told Sandaker that he was not allowed into his residence prior to the officer's entry into the home.

20. After Sandaker entered the residence, he failed to shut it behind him, so Robert Barr, who was still on his front porch, proceeded to try to close the front door to his residence to keep his dog enclosed inside, when Adams, apparently believing Plaintiff was some threat to Sandaker, immediately grabbed Robert Barr's arm to prevent him from closing the door to his own residence.

21. Sandaker came out of the open door to the residence and began tussling with Robert Barr, who was merely exercising his right, recognized as the public policy of Indiana, to terminate Sandaker's unlawful entry into the Barr Property.

22. During the physical struggle with Sandaker and Adams, Robert Barr's glasses were broken, his thumb and back were injured, his shoulder and elbow were bruised and his face was bloodied.

23. Robert Barr was subsequently placed under arrest and placed in Sidenbender's official police cruiser for transport to Lake County Jail.

24. During transport on October 3, 2021, Sidenbender asked Robert Barr if he knew who he (Sidenbender) was, and if Robert Barr remembered the May 28, 2020, encounter, and acted

as if this arrest was somehow vengeance, or a continuation of Sidenbender's animus toward Robert Barr.

25. On October 14, 2021, the State of Indiana charged Robert Barr with Count 1: Battery on Public Safety Official, a Level 6 Felony, Count 2: Domestic Battery, a Class A Misdemeanor, Count 3: Resisting Law Enforcement, a Class A Misdemeanor, and Count 4: Disorderly Conduct, a Class B Misdemeanor for acts that were alleged to have occurred on October 3, 2021.

26. In a probable cause affidavit, Sandaker swears:

I came in to contact with the accused: Robert Barr who called 911 to report his wife assaulted him. In the process of my investigation I went inside the residence to speak with Laura Barr. Robert Barr then shoved the front door open into my left arm causing pain. Officer Adams who was outside attempted to stop Robert Barr from coming after me. Officer Adams gave him lawful commands to stop resisting, which Robert Barr refused and continued to resist officers.

27. In a probable cause affidavit, Adams swears:

I came in to contact with the accused: Robert Barr: Officers were called to 9525 Genevieve Dr for a domestic. Officer Sandaker went inside of the home to speak with the wife Laura Barr. The accused became very upset about officer Sandaker going inside of the home. Officer Sandaker was behind the front door and the accused was trying to shove his way through the front door to get to officer Sandaker. He did not want officer Sandaker inside of his home. I gave him lawful commands several times to stay outside and to stop trying to force his way into the home. I then grabbed his right arm to try to gain control of him. He then resisted and was pulling away from me. He then tightened up his arms and was fighting with officers.

28. The deposition of Officer Shane Adams was conducted on May 11, 2022. The deposition of Officer Arthur Sandaker was conducted on August 15, 2022

29. The deposition of Sidenbender was initially scheduled for May 11, 2022. Due to time constraints, that deposition did not take place. The Sidenbender deposition was rescheduled

for July 25, 2022, but Sidenbender failed to appear. A third deposition of Sidenbender was scheduled for April 14, 2023, and Sidenbender again failed to appear.

30. All criminal charges against Robert Barr were dismissed on May 25, 2023, and his arrest and all records of the criminal proceeding were expunged on July 25, 2023, with Robert Barr's mandatory DNA sample destroyed on August 8, 2023.

**COUNT 1 –   VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

31. Plaintiff incorporates the allegations of rhetorical paragraphs 1-30 as if fully set forth herein.

32. On October 3, 2021, Sandaker violated Robert Barr's constitutional right to be free of unreasonable searches of his private property at Barr's Property by entering his residence without probable cause or invitation.

33. On October 3, 2021, Adams violated Robert Barr's constitutional right to be free of unreasonable searches of his private property at Barr's Property by physically restraining Barr from exercising his right to ban Sandaker's entry into Barr's Property.

34. On information and belief, the officers violated Robert Barr's constitutional right, and that violation resulted from an official municipal policy, an unofficial custom, or because the municipality was deliberately indifferent in a failure to train officers with respect to Robert Barr's constitutional right to be free of unlawful searches of Barr's Property.

35. The Town of St. John, and/or the St. John Police department are vicariously liable for the damages caused by the officers' conduct.

## COUNT 2 – VIOLATION OF ARTICLE 1, SEC. 11 OF THE INDIANA CONSTITUTION

36. Plaintiff incorporates the allegations of rhetorical paragraphs 1-30 as if fully set forth herein.

37. On October 3, 2021, Sandaker violated Robert Barr's Indiana State Constitutional right to be secure in his house, papers and effects from unreasonable searches at Barr's Property.

38. On October 3, 2021, Adams violated Robert Barr's Indiana constitutional right to be free of unreasonable searches of his private property at Barr's Property, and the public policy of permitting the use of force to ban unlawful entry by a police officer, by physically restraining Barr from exercising his right to ban Adams' entry into Barr's Property.

39. On information and belief, the officers violated Robert Barr's constitutional right, and that violation resulted from an official municipal policy, an unofficial custom, or because the municipality was deliberately indifferent in a failure to train officers with respect to Robert Barr's constitutional right to be free of unlawful searches of Barr's Property.

40. The Town of St. John, and/or the St. John Police department are vicariously liable for the damages caused by the officers' conduct.

## COUNT 3 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

41. Plaintiff incorporates the allegations of rhetorical paragraphs 1-30 as if fully set forth herein.

42. On October 3, 2021, Sidenbender, Adams and Sandaker, under color of state law, conspired to deprive, either directly or indirectly, Robert Barr of the equal protection of the laws, or of equal privileges and immunities under the laws in violation of 42 U.S.C. § 1985(3).

43. On information and belief, the officers violated Robert Barr's constitutional and civil rights, and that violation resulted from an official municipal policy, an unofficial custom, or

because the municipality was deliberately indifferent in a failure to train officers with respect to Robert Barr's constitutional right to be free of unlawful searches of Barr's Property.

44. The Town of St. John, and/or the St. John Police department are vicariously liable for the damages caused by the officers' conduct.

**COUNT 4 – EXCESSIVE FORCE**

45. Plaintiff incorporates the allegations of rhetorical paragraphs 1-30 as if fully set forth herein.

46. The conduct of Sandaker and Adams on October 3, 2021, constitutes excessive force.

47. As a direct and proximate result of the excessive use of force under color of state law, the Plaintiff Robert Barr has suffered harms, injuries and damages in an amount to be proven at trial.

48. On information and belief, the officers violated Robert Barr's constitutional right, and that violation resulted from an official municipal policy, an unofficial custom, or because the municipality was deliberately indifferent in a failure to train officers with respect to Robert Barr's constitutional right to be free of unlawful searches of Barr's Property.

49. The Town of St. John, and/or the St. John Police department are vicariously liable for the damages caused by the officers' conduct.

**COUNT 5 – ASSAULT AND BATTERY**

50. Plaintiff incorporates the allegations of rhetorical paragraphs 1-30 as if fully set forth herein.

51. The conduct of Sandaker and Adams on October 3, 2021, constitutes assault and battery.

52. As a direct and proximate result of the assault and battery of Robert Barr under color of state law, the Plaintiff Robert Barr has suffered harms, injuries and damages in an amount to be proven at trial.

53. On information and belief, the officers violated Robert Barr's constitutional right, and that violation resulted from an official municipal policy, an unofficial custom, or because the municipality was deliberately indifferent in a failure to train officers with respect to Robert Barr's constitutional right to be free of unlawful searches of Barr's Property.

54. The Town of St. John, and/or the St. John Police department are vicariously liable for the damages caused by the officers' conduct.

**COUNT 6 – DEFAMATION**

55. Plaintiff incorporates the allegations of rhetorical paragraphs 1-30 as if fully set forth herein.

56. Sandaker prepared and published an affidavit of probable cause falsely accusing Robert Barr of criminal misconduct.

57. Adams prepared and published an affidavit of probable cause falsely accusing Robert Barr of criminal misconduct.

58. Under Indiana law, the false swearings of Adams and Sandaker are defamatory *per se* as to Robert Barr as they falsely accuse Robert Barr of criminal misconduct.

59. As a direct and proximate result of the defamation of Robert Barr under color of state law, the Plaintiff Robert Barr has suffered harms, injuries and damages in an amount to be proven at trial.

**COUNT 7 – <u>FALSE ARREST AND FALSE IMPRISONMENT</u>**

60. Plaintiff incorporates the allegations of rhetorical paragraphs 1-30 as if fully set forth herein.

61. On October 3, 2021, Adams, Sidenbender and Sandaker falsely arrested, seized and imprisoned Robert Barr.

62. As a direct and proximate result of the false arrest, seizure and imprisonment of Robert Barr under color of state law, the Plaintiff Robert Barr has suffered harms, injuries and damages in an amount to be proven at trial.

63. On information and belief, the officers violated Robert Barr's constitutional right, and that violation resulted from an official municipal policy, an unofficial custom, or because the municipality was deliberately indifferent in a failure to train officers with respect to Robert Barr's constitutional right to be free of unlawful searches of Barr's Property.

64. The Town of St. John, and/or the St. John Police department are vicariously liable for the damages caused by the officers' conduct.

**COUNT 8 – <u>LOSS OF CONSORTIUM AS TO LAURA BARR</u>**

65. Plaintiff incorporates the allegations of rhetorical paragraphs 1-30 as if fully set forth herein.

66. As a direct and proximate result of all state law pendent claims of tortious conduct, including but not limited to, assault, battery, and excessive force, undertaken by the defendants Sidenbender, Sandaker and Adams, Laura Barr has suffered the loss of her husband's love, care and affection.

WHEREFORE, Plaintiffs pray this Court enter a judgement against the Town of St. John; The St. John Police Department; the Chief of Police Flores, and Officers Sidenbender, Sandaker

and Adams, in an amount which will adequately compensate your Plaintiffs for the damages and injuries they have suffered, together with attorney fees and costs and any and all available and appropriate relief.

USDC IN/ND case 2:23-cv-00335-JTM    document 1    filed 10/02/23    page 11 of 12

Respectfully submitted,

/s/ Patrick B. McEuen
Patrick B. McEuen, Atty. No. 17441-45
McEUEN LAW OFFICE
6382 Central Avenue
Portage, Indiana 46368
(219) 762-7738
Attorney for Plaintiffs

## JURY DEMAND

Comes not the plaintiff and hereby demands a trial by jury.

Respectfully submitted,

/s/ Patrick B. McEuen
Patrick B. McEuen, Atty. No. 17441-45
McEUEN LAW OFFICE
6382 Central Avenue
Portage, Indiana 46368
(219) 762-7738
Attorney for Plaintiffs